■ In the Matter of the Arbitration between VINCENT ANDOLINA, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Motion for reargument denied. Memorandum: In *Matter of MVAIC (Stein)* (23 A D 2d 526) we said (p. 527), quoting from Weinstein-Korn-Miller (N. Y. Civ. Prac.): "Under section 1450 and subdivision 2 of section 1458 of the Civil Practice Act the parties to an arbitration agreement had the right to a jury trial on the issue of failure to comply with a contract to arbitrate. 'Although the specific provisions of section 1450 and 1458 (2) are omitted from the CPLR, the new arbitration provisions were "not intended to eliminate trial by jury if it is desirable or constitutionally required."' (Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4101.28, 7503.24, 409.03, 410.01, 2218.01.) A jury trial should be had on the issue of the timeliness of giving notice of claim." In that case it seemed that a jury trial was desirable although not constitutionally required. That decision, therefore, is not authority that a jury trial may be had as a matter of right in every MVAIC case of this type. Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

## (May 20, 1965)

■ EMPIRE DISCOUNT CORPORATION, Appellant, v. THREE D. BLDG. CORP., Respondent, et al., Defendants.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The determination of the value of the premises was against the weight of evidence. Although the court could consider the so-called "Neisner" lease in fixing value, it was error on the facts in this case to rely on the highly speculative capitalization of net rental income particularly the factor of estimated gross sales (*Levin* v. *State of New York*, 13 N Y 2d 87). In view of the fact that this proceeding was limited by the original motion and the proof offered to a determination of the value of the mortgaged premises as bearing on the plaintiff's right to a deficiency judgment, we do not reach or pass upon the last ordering paragraph of the order dated April 26, 1963 which vacates an earlier order with respect to certain proceeds from an appropriation award. A new trial should be had on the issue of the value of the property. (Appeal from judgment and order of Monroe County Court, fixing the market value and denying plaintiff's motion for a deficiency judgment.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.